{¶ 19} I respectfully dissent from my learned colleagues. In Chambersv. Merrell-Dow Pharmaceuticals, Inc. (1988), 35 Ohio St.3d 123, the Ohio Supreme Court unequivocally found "the plaintiff's choice of forum should rarely be disturbed * * * particularly where the plaintiff has chosen his home forum." Chambers, supra, citing Gulf Oil Corp. v. Gilbert (1947),330 U.S. 501, 507; Koster v. Lumbermens Mutual Cas. Co. (1947),330 U.S. 518, 524.
 {¶ 20} The central purpose of a forum non conveniens inquiry is to ensure that the trial is convenient and that the most appropriate forum is available to the plaintiff. Chambers, supra. The doctrine of forum non conveniens is designed to prevent a plaintiff from using a liberal venue to vex, oppress, or harass a defendant by bringing a suit in a forum unrelated to the parties or cause of action. See Gulf Oil Corp. v.Gilbert (1946), 330 U.S. 501.
 {¶ 21} I would find that the trial court abused its discretion and acted arbitrarily in dismissing the plaintiffs' complaint where the trial court failed to provide a thorough analysis on how the private and public interest factors, outlined in Chambers v. Merrell-Dow Pharmaceuticals,Inc. (1988), 35 Ohio St.3d 123, weigh heavily in favor of litigating the matter in another forum. I find that the evidence, taken as a whole, demonstrates that the court abused its discretion. Accordingly, I would sustain appellants' assignment of error and reverse and remand the decision of the trial court.